UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| GUILLAUME TABIA, | * |
| | * |
| Petitioner, | * |
| | * |
| v. | *   Civil Action No. 20-cv-11089-WGY |
| | * |
| THOMAS M. HODGSON, Sheriff of Bristol County, Massachusetts, | * |
| | * |
| Respondent. | * |

ORDER

July 30, 2020

YOUNG, D.J.

Guillaume Tabia, an immigration detainee, has filed a petition for a writ of habeas corpus under 28 U.S.C. § 2241 in which he seeks immediate release. According to Tabia, he has been subject to a final removal order for more than six months and his removal to Ivory Coast is not reasonably foreseeable.[1] For the reasons set forth below, the Court petition is DENIED and this action is DISMISSED.

Subject to some exceptions not relevant here, the United States Attorney General must detain any alien who has been ordered removed for 90 days from the date the alien's removal order becomes final. See 8 U.S.C. § 1231(a)(1), (2). If the alien is not deported during the 90-day removal period, the alien may be released under continued supervision, see 8 U.S.C. § 1231(a)(3), but, under 8 U.S.C. § 1231(a)(6), the government may continue to detain criminal aliens beyond the 90-day removal period. Tabia's current confinement is under 8 U.S.C. § 1231(a)(6).

---

[1] Tabia also filed a motion for leave to proceed in forma pauperis. The motion is GRANTED,

While § 1231(a)(6) does not explicitly limit the time period during which the Attorney General may detain an alien, the Supreme Court has held that due process considerations mandate that detention of criminal aliens under § 1231(a)(6) be limited "to a period reasonably necessary to bring about that alien's removal from the United States." Zadvydas v. Davis, 533 U.S. 678, 689 (2001). "Thus, if removal is not reasonably foreseeable, the court should hold continued detention unreasonable and no longer authorized by statute." Zadvydas, 533 U.S. at 699-700. For the sake of uniformity, the Court adopted a six-month period as the "presumptively reasonable" time period for accomplishing removal. See Zadvydas, 533 U.S. at 701.

While more than six months have passed since Tabia's removal order became final, he has not sufficiently alleged that his removal is not reasonably foreseeable. Tabia does represent:

> ICE did not specify how many individuals from Ivory Coast it had in fact deported, indicate whether it had contacted that the government of Ivory Coast with respect to the Petitioner's case, or mention whether it had received [sic] any information from the Ivory Coast regarding the status of travel documents, nor did it ever give an indication of when it expected the issuance of such documents.

Pet. ¶ 11. He states that, to his knowledge, "the government of Ivory Coast has not issued any travel documents." Id. ¶ 14. He further avers that "neither ICE nor Ivory Coast have provided any indication that Ivory Coast will accept Petitioner in the reasonably foreseeable future." Id.

However, a sworn statement filed by an immigration official in Tabia v. Souza, C.A. No. 19-11823-ADB (D. Mass.), indicates that, on January 27, 2020, the United States government received a travel document for Tabia issued by the government of Ivory Coast only 25 days after the United States had requested the same, see id. (ECF #29-1 ¶ 20).[2] The removal was

---

[2] The Court takes judicial notice of Tabia's previously filed case. See Law Offices of David Efron v. Matthews & Fullmer Law Firm, 782 F.3d 46, 56 n.7 (1st Cir. 2015).

apparently planned for the week of February 19, 2020, but it was cancelled when the Court stayed the removal pending the Court's consideration of Tabia's claim that he had not been transported to state court criminal proceedings.  See id. (ECF #13, #23, #29).  On March 9, 2020, the government filed a second notice that it intended to remove Tabia the week of March 16, 2020.  See id. (ECF #48).  On March 13, 2020, the Court denied Tabia's petition and lifted the stay of removal.  See id. (ECF #52).  The action was formally dismissed on May 12, 2020.  See id. (ECF #56).[3]

The Court is unaware of the government's reason for not removing Tabia the week of March 16, 2020.  It may well be that removal operations were greatly altered because of the COVID-19 pandemic.  But Tabia's argument that his removal is not reasonably foreseeable is premised on the alleged unavailability of travel documents, not on delays in removal due to COVID-19.  In light of the government's past success in obtaining travel documents for Tabia and scheduling his removal for a specific week, his position is untenable.

Tabia also challenges the validity of his removal order. The Court is without jurisdiction to consider this matter.  See 8 U.S.C. § 1252(a)(5).

Accordingly, Tabia's petition is DENIED without prejudice.  This denial is without prejudice to Tabia filing, no earlier than September 13, 2020, a petition for release based on Zadvydas v. Davis, 533 U.S. 678 (2001).[4]  This action is DISMISSED.  The Clerk shall provide an electronic copy of this order to the United States Attorney for the District of Massachusetts.

---

[3] On June 12, 2020, Tabia filed a motion [ECF #4] to consolidate this action with Tabia v. Souza, C.A. No. 19-11823-ADB (D. Mass.).  The motion is DENIED.  As noted above, the case in front of Judge Burroughs has already been dismissed, and the Court is dismissing the present action.

[4] September 13, 2020 is six months from the date that the Court in Tabia v. Souza, C.A. No. 19-11823-ADB lifted its stay of removal.

**SO ORDERED.**

      /s/ William G. Young
      William G. Young
      United States District Judge

Dated: July 30, 2020